UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED 10    4969**

U.S. DISTRICT COURT E.DN.Y.
IN CLERK'S OFFICE

★ OCT 28 2010 ✰

BROOKLYN OFFICE

------------------------------------------------

ERIC J. GADSON,

        Plaintiff,

- against -

THE COUNTY OF NASSAU and NASSAU
COUNTY SHERIFF'S DEPARTMENT,

        Defendants.

------------------------------------------------X

**CIVIL COMPLAINT**
EASTERN DISTRICT

Case No.:

Jury Trial Demanded

**MATSUMOTO, J.**

**MANN. M.J.**

Plaintiffs complaining of defendants alleges upon information and belief as follows:

<u>FACTS COMMON TO ALL CAUSES OF ACTION</u>

1.  This Court has jurisdiction over this action pursuant to 42 U.S.C. §1983. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.  That at all times relevant herein, plaintiff was and still is a resident of the County of Kings, State of New York.

3.  At all times relevant hereto, defendant THE COUNTY OF NASSAU (**"COUNTY"**) was and still is a municipality existing under and by virtue of the laws of the state of New York.

4.  At all times relevant hereto, defendant THE NASSAU COUNTY SHERIFF'S DEPARTMENT (**"SHERIFF"**) was and still is an agency of defendant, COUNTY.

5.  At all time hereinafter mentioned COUNTY operated, maintained,

managed, supervised and controlled defendant, SHERIFF, as part of and in conjunction with its municipal functions.

6. At all times relevant hereto, THE NASSAU COUNTY POLICE DEPARTMENT **("POLICE")** was and still is an agency of defendant, COUNTY.

7. At all time hereinafter mentioned COUNTY operated, maintained, managed, supervised and controlled POLICE, as part of and in conjunction with its municipal functions.

8. At all times relevant hereto, "JOHN/JANE DOES" were and are Police Officers **(Shield #unknown),** employed as police officers by the Nassau County Police Department.

9. At all times relevant hereto, "JOHN/JANE DOES" were acting within the scope of their employment as Police Officers **(Shield #unknown)** by the Nassau County Police Department.

10. Commencing on July 29, 2009 the police officers wrongfully and falsely arrested, and detained and confined the plaintiff without probable or just cause, grounds or provocation.

11. Commencing on July 29, 2009 until August 31, 2009, plaintiff was detained and confined at Nassau County Correctional Facility by defendant, SHERIFF, without probable or just cause, grounds or provocation.

12. Following said arrest, defendants wrongfully and falsely accused and charged the plaintiff with violations of The Penal Law Sections 265.09(1) and 160.15(4).

2

13. That as a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the District Court of the County of Nassau, to be arraigned on July 31, 2009.

14. That as a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the District Court of the County of Nassau, on August 13, 2009.

15. That as a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the District Court of the County of Nassau, on August 24, 2009.

16. That as a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the District Court of the County of Nassau, on August 31, 2009.

17.   That on August 31, 2009, by a Court Order signed by Honorable

Justice William J. O'Brien, District Court, Nassau County, the charges against plaintiff were reduced to Penal Law Sections 155.25 and 265.01(1) and plaintiff was released.

18. That as a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the District Court of the County of Nassau, on September 30, 2009.

19. That as a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the District Court of the County of Nassau, on November 20, 2009.

20. That as a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before a Judge of the District Court of the County of Nassau, on December 10, 2009.

21. By an Order dated December 22, 2009, Honorable Justice Sondra Pardes, District Court, Nassau County dismissed all charges against plaintiff.

22. That prior hereto on January 28, 2010, and within ninety

(90) days after the claim served upon arose, the plaintiff caused a Notice of Claim, in writing, sworn to by plaintiff, containing the required information as enumerated in General Municipal Law §50 et. seq., to be duly served upon defendants.

23. More than thirty (30) days have elapsed since the Notice of Claim was served upon defendants.

24. Upon information and belief, defendant has refused to adjust and/or settle plaintiff's claim herein.

25. The instant action has been commenced within one year after the claim arose.

26. On or about September 21, 2010, plaintiff duly submitted himself for oral examination conducted by defendant COUNTY in compliance with General Municipal Law §50-H.

27. That this action falls within one or more of the exceptions set for in CPLR 1602 and does not limit the liability of the defendants joint or several responsibility.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: (POLICY OF NON-FEASANCE IN THE PROTECTION OF PLAINTIFF'S CIVIL RIGHTS)

28. Plaintiff repeats and realleges each and every allegation contained herein, as though the same were set forth at length herein.

29. At all times relevant hereto, defendant COUNTY employed the POLICE OFFICERS JOHN/JANE DOE, as police officers in the Nassau County Police Department.

30. Upon information and belief, POLICE OFFICERS JOHN/JANE DOE, were graduates of The Police Academy of the State of New York.

31. At all times relevant hereto, defendants had the duty to competently and sufficiently hire, train and retain, the police officers in the protection of the Constitutional rights of the plaintiff under the Fourteenth Amendment to the United States Constitution.

32. In addition, the defendants had the duty to competently and sufficiently hire, train and retain the defendant officer to conform his conduct to a standard, established by law, for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting himself in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens such as the plaintiff herein.

33. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the County of Nassau under the authority of their office as police officers of said state, city and county.

34. The defendants failed to competently and sufficiently hire, train and retain the police officer to conform and conduct himself to a statute established by law for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting himself in such a manner as not to

6

intentionally, wantonly and/or negligently inflict injuries to citizens such as the plaintiff herein.

35. That on and after July 29, 2009, the defendants in violation of 42 U.S.C.§1983 caused the plaintiff to be injured and damaged in failing to competently hire, train and retain police officers, including but not limited to the defendant officer to conform and conduct himself to a statute established by law for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting himself in such a manner as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

36. The arrest and imprisonment of the plaintiff was caused by the defendants, their agents, servants and/or employees, without warrant, authority of law, or any reasonable cause or belief that he was, in fact guilty of the crimes with which he was charged.

37. Following said arrest, defendants wrongfully detained and arrested the plaintiff and imprisoned him at Nassau County Correctional Center.

38. Immediately thereafter, aforementioned defendants, their agents, servants and employees falsely arrested and imprisoned the plaintiff and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York.

39. As a result of the aforesaid arrest, plaintiff was forcibly handcuffed, detained, transported and treated as a common criminal and incarcerated and imprisoned at various facilities owned, operated, maintained

7

and controlled by the defendants and thereby deprived of his rights, liberties and freedoms under color of State Law in violation of 42 U.S.C. §1983.

40. As a further result of the deprivation of plaintiff's right to be free from the deprivation of rights guaranteed to him by the Fourteenth Amendment to the United States Constitution, he was caused to suffer injury and damage both mentally and physically, severe nervous shock and emotional distress and illness.

41. On and after, July 29, 2009, in violation of the rights, privileges and immunities guaranteed to him under the Fourteenth Amendment to the United States Constitution and under color of State law, the defendant officers and each of them acting individually and in concert, in violation of 42 U.S.C. Section 1983, while on duty, detained the plaintiff, even though the defendants knew or should have known that the plaintiff was wholly innocent.

42. That all of the actions of the defendants, their agents, servants and/or employees were committed with the intention to cause bodily and mental injury to the plaintiff; to arrest, restrain and imprison the plaintiff without his consent; that the plaintiff was at all times conscious of his arrest, did not consent to the false arrest, and the false arrest and imprisonment were not otherwise privileged.

43. The arrest and imprisonment of the plaintiff were not justified by probable cause or other legal privilege and the defendants, their agents, servants and/or employees acting under the color of statute, ordinances, regulations, customs and usages of the State of New York and under the authority of their

office as police officers for defendants falsely charged the plaintiff, although the defendants, acting in such capacity, knew or should have known that such charges were false.

44. That the defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and/or employees; that in their hiring practices in the exercise of their police functions and their failure to enforce the laws of Nassau County, State of New York is evidence of the reckless lack of cautious regard for the rights of the public, including plaintiff; and that the defendants exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

45. That the defendants its agents, servants and/or employees failed to hire, train, supervise, discipline or in any other way control the defendant officers in the exercise of their functions; that their failure to enforce the laws of the State of New York and the County of Nassau was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences so as to display a conscious disregard for the dangers of harm and injury to citizens of the State of New York, including plaintiff herein.

46. That the said prosecution and criminal charges and hearings instituted and procured by the defendants, their agents, servants and/or employees were unlawful and malicious and without any reasonable or probable cause whatsoever; that the commencement and/or continuation of the criminal

9

proceedings by the defendants against the plaintiff was without probable cause with actual malice and was terminated in favor of the plaintiff.

47. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

48. That the plaintiff did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C §1983, and the Constitution of the State of New York.

49. That at all times hereinafter mentioned, the defendant police officers were employed in their respective capacities by the defendants and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of Nassau County.

50. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and/or employees, the defendants has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured

thereby, or to take any disciplinary action whatever against any of their employees or agents.

51. The unlawful and illegal conduct of the defendants, their agents, servants and/or employees and each of them, deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York:  The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; the right of plaintiff to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States; and the right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

52. That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, has suffered and continues to suffer serious and extreme mental and emotional anguish, distress and psychological damages and difficulties, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will

necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

53. That on and after July 29, 2009, in violation of the rights,

privileges and immunities guaranteed to him under the Fourteenth Amendment to the United States Constitution and under the color of State law, the defendants acted individually and in concert causing the plaintiff to have been injured and damaged in the sum of FIVE MILLION ($5,000,000) DOLLARS.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## (FALSE ARREST AND IMPRISONMENT)

54. Plaintiff repeats and realleges each and every allegation contained herein, as though the same were set forth at length herein.

55. That the said arrest and imprisonment was caused by the defendants, their agents, servants and/or employees without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of such crimes.

56. On and after July 29, 2009, the defendants and each of them acting individually and in concert and while on duty, arrested, detained and imprisoned the plaintiff even though the defendants knew or should have known that the plaintiff was wholly innocent of the criminal charges then and there filed against him.

57. While plaintiff was so engaged, as aforesaid, the defendants, their

agents, servants and employees, wrongfully and unlawfully, against the plaintiff's wish, without probable or reasonable cause, and on the sole charges, then made, that plaintiff was charged with Penal Law Sections 160.15 and 265.09 (1) arrested and imprisoned the plaintiff and with full force of arms, they forcibly and violently seized, laid hold of and compelled him to go with the said defendant police officers to be detained and imprisoned at the County of Nassau, and continuing to other diverse places and times, where the plaintiff was further detained and imprisoned until such time as he was released on August 31, 2009.

58. That at all times relevant hereto, the defendants owed a duty directly to plaintiff to conform their conduct to a standard established by law for the protection of plaintiff.

59. That at all times relevant hereto, the defendants failed to act, protect and safeguard the plaintiff.

60. That at all times relevant hereto, the defendants breached their duty owed directly to the plaintiff which endangered the plaintiff's physical safety.

61. That the defendants, their agents, servants and/or employees acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and/or employees had the opportunity to know or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement at said locations.

62. That the plaintiff was wholly innocent of the said criminal charges

and did not contribute in any way to the conduct of the defendants, their agents, servants and/or employees and was forced by the defendants to submit to the aforesaid arrest, imprisonment and malicious prosecution thereto entirely against his will.

63. That the defendants, their agents, servants and employees, as set forth on the aforementioned date, time and place, intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

64. That by reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business and he was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

65. That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, has suffered and continues to suffer serious and extreme mental and emotional anguish, distress and psychological damages and difficulties, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an

effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

66. By reason of his false arrest, imprisonment and malicious prosecution the plaintiff has been damaged in the sum of FIVE MILLION($5,000,000) DOLLARS.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
## VIOLATION OF INDIVIDUAL'S RIGHT TO
## BE FREE FROM UNREASONABLE SEARCHES
## AND SEIZURES UNDER THE CONSTITUTION
## OF THE STATE OF NEW YORK

67. Plaintiff repeats and realleges each and every allegation contained herein as though the same were set forth at length herein.

68. That at the aforesaid time and place, in violation of the rights, privileges and immunities guaranteed to him under the Constitution of the State of New York, the plaintiff was unlawfully searched and seized and strip searched by the defendant police officers and/or others acting in concert with them, when said defendant police officers and/or others acting in concert with them, and each of them acting individually and in concert, while on duty, detained and searched the plaintiff even though the defendants knew or should have known that the plaintiff was wholly innocent.

69. That by reason of the foregoing, this plaintiff was severely

injured and damaged, rendered sick, sore, lame and disabled, sustained severe
nervous shock and mental anguish, great physical pain and emotional upset, has
suffered and continues to suffer serious and extreme mental and emotional
anguish, distress and psychological damages and difficulties, some of which
injuries are permanent in nature and duration, and plaintiff will be permanently
caused to suffer pain, inconvenience and other effects of such injuries; plaintiff
incurred and in the future will necessarily incur further hospital and/or medical
expenses in an effort to be cured of said injuries; and plaintiff has suffered and in
the future will necessarily suffer additional loss of time and earnings from
employment; and plaintiff will be unable to pursue the usual duties with the same
degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

70.  That by reason of his unlawful search and seizure, the plaintiff,
has been damaged in the sum of FIVE MILLION ($5,000,000) DOLLARS.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## (COMMON LAW NEGLIGENCE)

71.  Plaintiff repeats and realleges each and every allegation contained
herein, as though the same were set forth at length herein.

72. The defendants were negligent in its operation, management,
supervision and control of their Police Department; in not providing adequate
training of defendant police officers while at the Police Academy; in their
supervision of defendant police officers while assigned to precincts; in failing to
provide adequate supervision of defendant police officers during their training at
the Police Academy.

73. The defendants were negligent in failing to use reasonable care in

the use of force, detainment and confinement of the plaintiff on or about July 29, 2009.

74.  That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, has suffered and continues to suffer serious and extreme mental and emotional anguish, distress and psychological damages and difficulties, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

75. By reason of the negligence of the defendants, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000) DOLLARS.

**WHEREFORE**, plaintiff demands judgment on the first cause of action against the defendants in the sum of FIVE MILLION ($5,000,000) DOLLARS, and plaintiff demands judgment on the second cause of action against the defendants in the sum of FIVE MILLION ($5,000,000) DOLLARS and plaintiff demands judgment on the third cause of action against the defendants in the sum of FIVE MILLION ($5,000,000) DOLLARS and plaintiff demands judgment on the fourth cause of action against the defendants in the sum of FIVE MILLION

($5,000,000) DOLLARS, all together with interest and the costs and

disbursements of this action.

Additionally, plaintiff demands in respect of all Causes of Action, the additional

total sum of **$5,000,000.00** in punitive damages and attorney fees pursuant to 42

U.S.C.§1988.

DATED:     West Hempstead, New York
             October 20, 2010

Yours, etc.
FALK & KLEBANOFF, P.C.
Attorney for Plaintiffs

by: JEFFREY P. FALK( JPF9422)
392 Woodfield Road
West Hempstead, New York 11552
516- 564- 4200